of the way, and be sure to gain a term whenever he pleased.

*Per Curiam.* All reasonable notice to attend and defend the suit, was given. The cause was on the day-docket, and there is no kind of excuse why the defendants were absent. They had a counsel in court, and might have been there themselves, with their witnesses. The defendants, therefore, can take nothing by their motion.

N. B. *Hoffman* urged strongly the rigour of the practice, that it would operate only against the attorney of the defendant, that this was the first instance of such strictness. The court answered, there must be a first time in all proceedings; that they found it necessary to enforce their rules, and had made a determination so to do, as the only mode of having them obeyed.

### *John P. Ryers* v. *William Hillyer.*

SPENCER moved, on the common affidavit, for judgment as in case of nonsuit for not proceeding to trial.

*Hoffman* resisted the application, because the notice was titled *William Hillyer* v. *John P. Ryers* instead of *William Hillyer* ads. *John P. Ryers:* this, he said, was fatal, there being no such suit in existence as the one in which the notice was given, but he added, he would not have urged it except from its being

B b

one of Mr. *Colden's* causes, whose state of health the whole court knew.

*Spencer*, contra, observed, that there could be no force in the objection, unless it appeared that the party had been misled :\* The notice was for judgment as in case of nonsuit for not proceeding to trial, therefore it must have come from a defendant. In the next place, it was on an affidavit, a copy whereof was annexed, and that affidavit was rightly entituled. It is a mere question of who shall pay costs. There has been no countermand, and the defendant kept all the circuit with his witnesses.

*Hoffman.* As this is the first default, will the court oblige us to stipulate ?

*Per Curiam.* Stipulate to try at the next circuit for the city and county of *New-York*, and pay the costs of the present application.

*James Brandt, on the demise of William Rickets Van Courtlandt, and Philip Van Courtlandt,* v. *Matthias Buckhout and Abraham Buckhout.*

THE issue in this cause had been joined in *January*, 1801, and notice of trial given in the *June* fol-

---

\* On the same principle, where a notice of executing a writ of inquiry " on *Tuesday* the 14th of *January* instant," was given, the court of C. B. refused to set aside the execution of the writ because the 14th was on a *Thursday*, saying it was clear the defendant could not have been misled. *Batten* and *Harrison*, 3 *Bos. & Pul.* 1.