JACKSON
v.
STILES.

JACKSON, *ex dem.* BEAVER, *against* STILES, HUMPHRY,,
tenant.

Where a prin-
ted declaration
and notice in
ejectment was
served upon
an illiterate
tenant, who
was told mere-
ly that they
were a declar-
ation in eject-
ment, without
any farther
explanation,
but it appear-
ed from cir-
cumstances
that he must
have known
the nature of
the papers, the
court consider-
ed this equiva-
lent to a tech-
nical service.

Whether the
tenant is in
possession, is
not a question
upon the mer-
its, but merely
of irregularity,
and affidavits
may be heard
upon it on both
sides.

It must ap-
pear by affida-
vit, that the
declaration
and notice
were served
upon the ten-
ant in possess-
ion, before a
default can be
taken against
the casual
ejector.

EJECTMENT. Motion to set aside the declaration, default
and all subsequent proceedings, on the ground of irregularity
in serving the declaration and notice from the casual ejector,
upon the tenant.

The declaration and notice were printed : and when they
were delivered to the tenant, he was informed, merely, that

they were a declaration in ejectment, and they were not farther read or explained. The defendant, however, afterwards offered to settle the suit, by an exchange of lands with the lessor of the plaintiff. He had consulted an attorney and done some other acts, shewing that he must have understood the nature of the papers served upon him. He had before been a party in ejectment. He swore that he was an illiterate man, and that he was not the tenant in possession; but made no general affidavit of merits. And affidavits were produced on the part of the plaintiff, satisfactory to the Court, that he was the tenant in possession.

As if an affray happens suddenly before the Justices, and they depart to preserve the peace, their departure is lawful; and so, if they are in a house, and the house fall, they may depart to save their lives. And here, in my opinion, they had a good cause for departing, that is to say, the tempest; therefore their departure is good and excusable. *Davers*, J. of the same opinion. The departure is no good ground to make the verdict void; for this misdemeanour of the jurors, the Justices cannot annul their verdict; they may adjudge a fine upon them, or imprison them, or impose any other punishment of the like nature, according to their discretion; but this is no cause to avoid the verdict. *Tremaile*, J. of the same opinion. First, they had a reasonable ground of departing on account of the tempest, and for reasonable cause, as has been said, they may depart well enough. *Hody*, Chief Baron, and *Brian*, were of opinion that the verdict was void; the latter said, It is reasonable that they should be allowed to depart when they have cause, as in the case of a house falling, &c. but the rain was a feeble cause for the departure; wherefore their going, and all their misdemeanour was without cause; wherefore it seems to me that they shall be fined, and also their verdict shall be void. *Fineux*, J. was of opinion, that the departure was no ground for avoiding the verdict. The case was adjourned, and came on again in *Hilary* Term, 15 *Hen.* 7. fol. 1; when *Keble* said, It seems to me that they may well depart for a reasonable cause, notwithstanding the prohibition, and no punishment shall follow. It is commanded by the statute, that none shall commit waste, and yet the sudden coming of a tempest shall be an excuse for the happening of waste. The same law is of breaking prison, but if the prison be on fire, a departure is no breach of the law. This case is cited in *Bro. Abr.* Verdict, pl. 19; where it is said, that the better opinion is, that the verdict in this case was good, notwithstanding the departure. In *Bro. Abr.* tit. Jurors, pl. 13, it is said, that the jurors may separate by reason of a great tempest or affray, or the falling of a house, and the same law is of a fire in the house. See also *Kelyng's* Rep. 2d edit. 56. The Lord *Dacre's* case, who was indicted for treason before commissioners of oyer and terminer, in the county of *Cumberland*, for adhering to the *Scots*, the king's enemies, and tried by

*Curia.* Although the service was not, perhaps, technical-ly correct, we deny the motion, under the circumstances of this case. As the tenant was not deceived or mislead,(a) we consider it equivalent to a technical service. The whole is a mere question of regularity, as it appears upon the papers. The plaintiff is bound, at his peril, to serve the declaration upon the tenant in possession.(b) There must be an affidavit of this filed, to warrant a judgment by default against the casual ejector. That must have been done in this case. The tenant's affidavit, that he was not in possession, cannot be considered as an affidavit of merits. It may, therefore, be

his peers, 26th *Hen.* 8. the Duke of *Norfolk* being high steward ; and the day before the trial all the Judges assembled to resolve certain questions which might arise upon the said trial, so that if any question should be asked them, they might resolve *una voce* —And a question was moved among them, that if the Peers *did not agree,* so that the Court was adjourned till the next day, what should be done with the Peers, who were the tryers? And some Judges held they were to be kept together all night ; but others held, because they were not sworn, for the great trust reposed in them, and presumed to be in them, they might go to their own houses every one by himself. In 2 *Lilly's* Prac. Reg. tit. Jury and Juror, p. 123, a case is cited of *East.* T. 24 *Car.* K. B. where it is laid down, that after a juror is sworn, he may not go from the bar until the evidence is given, and the directions of the Court, for any cause whatsoever, without leave of the Court, and though he has leave, he must have a keeper with him. But it is not stated, that if they disperse with leave, the subseqeunt verdict shall be void. In the case of the *King* v. *Stone,* A. D. 1796, 6 T. R. 530, 1, which, however, was an indictment for high treason, the Court having sat on the first day of the trial, from nine o'clock in the morning till ten o'clock at night, without any interruption or refreshment, and the Attorney General stating that his evidence would occupy four hours more, and some of the jury being very much exhausted and incapable, as they declared, of keeping up their attention much longer, the Court adjourned till nine o'clock the next morning, Lord *Kenyon* observing that necessity justified what it compelled ; and that, though it was left to modern times to bring forward cases of such extraordinary length, yet no rule could compel the Court to continue their sitting longer than their natural powers would enable them to do the business of it. The jury retired to an adjoining tavern, where accommodations were prepared for them, and the bailiffs were sworn " well and truly to keep the jury, and neither to speak to them themselves, nor suffer any other

(a) *Vid. Ryers* v. *Hillyer,* 1 *Cvines,* 112. *Parkman* v. *Sherman, id.* 344. *Batten* v. *Harrison,* 3 *B.* & *P.* 1.

(b) *Vid. Adams on Ej.* 209-10. *Tidd,* 6*th ed.* 509. 1 *Ch. Rep.* 118. n. (a) acc.

contradicted, and the balance of testimony is that he was in possession. But though we deny the motion, we direct it to be made a part of the rule, that, on filing an affidavit of merits within thirty days, the default be set aside, and the tenant let in to defend, on payment of the costs.

Rule accordingly.(c)

(c) This decision accords with the latest English decisions on this sub-ject, which determine, that if the affidavit of service only state that the no-tice was *read*, this will not be sufficient, unless the tenant afterwards ac-knowledge that he understands the meaning and intention of the service; but with such acknowledgment the service will be good, without any statement of the reading or explanation of the notice or service. (*Doe, d. Whitfield,* v. *Roe, K. B. T. T.* 1815, *M. S. Same, d. Quintin,* v. *Roe, K. B. T. T.* 1816, *M. S. Adams,* 217.)

person to speak to them touching any matter relative to this trial." The entry of the adjournment was in the following form : *Thursday* next, after, &c. Forasmuch as it appears to the Court here, from the length of time which has been already occupied by the trial of the issue joined upon this indictment, and the further time which will be necessarily occupied by the same, that justice cannot be done if this Court proceed without intermission upon the said trial : It is ordered, that the jury, empanelled and sworn to try the said issue, have leave to withdraw from the bar of this Court, being well and truly kept by six bailiffs, duly sworn not to permit any person to speak to them touching any matter relative to the trial of this issue, and that the same jury shall again come to the bar of this Court on the mor-row, at nine o'clock in the forenoon. And it is further ordered, that the prisoner be again brought, &c.

" After the evidence has been heard, and the jury retire to consider of their verdict, the oath administered to the bailiff, who is sworn to keep them, is as follows : You shall swear that you shall keep this jury without meat, drink, fire, or candle ; you shall suffer none to speak to them, nei-ther shall you speak to them yourself, (not adding the words, touching any matter relative to this trial, as in 6 *T. R.* 530, 1, & *supra,*) but only to ask them whether they are agreed. So help you God. (*Dalt.* c. 185 ; 2 *Hale,* 296 ; *Dick.* Sess. 223 ; *Bac.* Ab. Juries, G. ; 1 *Chitty,* C. L. 632.) Accor-dingly, in *Com. Dig.* tit Enquest, F, it is laid down, that after the evidence given, the jury ought to continue together till they agree of their verdict, without eating, drinking, fire or candle, or speaking with any one, except the bailiff, to know if they be agreed. (*Co. Litt.* 227, b ; 3 *Inst.* 29, pl. 13. 15 *Hen.* 7. 1, 2.) If a great tempest happens, the jury may depart from the place where they are to consider of their verdict. So if a sudden affray happens, or if the house be upon the point of falling. (*Vin.* Abr. tit. Trial, G g 4. cites *Bro.* Verdict, pl. 19, 14 *Hen.* 7, 29. *Per Rede, Davers,* & *Tre-*